

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MICHELLE FANIOLA, individually and as
the parent and natural guardian of MATTHEW
HART, a minor child,**

                    **Plaintiff,**

**v.**

**MAZDA MOTOR CORPORATION, a foreign
corporation, MAZDA MOTOR OF AMERICA,
a California corporation, and FORD MOTOR
COMPANY, a Michigan corporation,**

                    **Defendants.**

**CIV 02-1011- M** ᵏᴸ

**Civil No. _____**

## COMPLAINT FOR PERSONAL INJURIES
## DUE TO DEFECTIVE PRODUCT

COMES NOW the plaintiff, by and through her attorneys, Dennis K.

Wallin of the Law Offices of Dennis K. Wallin, P.C. and Roy A. Jacobson, Jr. of

Spence, Moriarity & Schuster, LLC, and for her Complaint herein states and

alleges as follows:

### I.

### PARTIES, JURISDICTION AND VENUE

**A.     Parties:**

1.     Plaintiff Michelle Faniola, individually and as the parent and

natural guardian of Matthew Hart, a minor child, is a resident of the County of

Torrance, State of New Mexico.

*1*

2.      Plaintiff Michelle Faniola is a single parent and sole provider for Matthew Hart.

3.      Defendant Mazda Motor Corporation is a Japanese corporation, doing business in the state of New Mexico.

4.      Defendant Mazda Motor of America, Inc. is a California corporation having its principal place of business in the state of California, and doing business in the state of New Mexico.

5.      Defendant Ford Motor Company is a Michigan corporation having its principal place of business in the state of Michigan, and doing business in the state of New Mexico.

6.      Upon information and belief, plaintiff states that defendant Mazda Motor of America, Inc. (hereinafter "Mazda of America") is a wholly owned subsidiary of defendant Mazda Motor Corporation (hereinafter "Mazda of Japan"), or that the defendants, at times and in manners relevant hereto, have been parties to an express and/or implied contract or agreement with respect to the design, testing, manufacture, assembly , distribution, promotion, marketing and selling of Mazda automobiles and automobile parts for their mutual benefit.

7.      At all times material herein, defendant Ford Motor Company held a controlling ownership interest in defendants Mazda of America and Mazda of Japan, and exercised control and dominion over the design, testing, manufacture, assembly , distribution, promotion, marketing, selling and distribution of Mazda automobiles.

2.

8.      At all times material herein, all defendants were engaged in a joint venture, joint enterprise and/or partnership for the design, testing, manufacture, assembly , distribution, promotion, marketing and selling of Mazda automobiles.

**B.      Jurisdiction and Venue:**

9.      The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

10.     Jurisdiction in this matter is proper pursuant to 28 U.S.C. §1332 in that plaintiff and defendants, Mazda of America and Ford Motor Company, are residents of different states and that defendant Mazda of Japan is a Japanese corporation.

11.     Venue is proper in the United States District Court of the District of New Mexico pursuant to 27 U.S.C. §1391(a).

## II.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiff Michelle Faniola was, at all times material to this Complaint, the owner of a 1992 Mazda Protégé, Vehicle Identification Number (VIN) JM1BG2246N0481959, which she purchased in December 1992.

13.     Defendant Mazda of Japan caused an event to occur, out of which this claim arises, in that Mazda of Japan designed, manufactured, assembled and distributed the 1992 Mazda Protégé, which included defects in the quality and strength of the fuel tank, and defects in failing to protect the fuel tank from foreseeable road debris hazards, and defects in the passive restraint system. Said

3.

defects in design, manufacture and/or assembly were present from the design stage and were known, or reasonably should have been known, to defendant Mazda of Japan prior to the date of the manufacture of the 1992 Mazda Protégé, and its being placed in the stream of commerce for sale to the public.

14.     On August 21, 1999, plaintiff Michelle Faniola was traveling east, at a reasonable and legal speed, on Interstate 40 in Bernalillo County, New Mexico, in her 1992 Mazda Protégé. Michelle Faniola was in the left-hand passing lane of a two-lane interstate, ascending a hill with commercial truck traffic in the right driving lane, when she suddenly and unexpectedly drove over a piece of roadway debris hazard. The debris hazard penetrated and tore open the underside of the exposed gas tank whereupon the Mazda Protégé immediately burst into flames. Engulfed in flames, Michelle Faniola immediately and reasonably attempted to exit the vehicle. Due to the obstructive passive restraint system, Michelle Faniola was unreasonably delayed in her attempts to exit the burning vehicle.

15.     As a direct and proximate cause and result of the acts and omissions of the defendants as alleged herein, plaintiff Michelle Faniola has suffered catastrophic injuries. Plaintiff Michelle Faniola, individually, suffered and continues to suffer extensive, severe and permanent physical trauma, pain, suffering, injury, disability and disfigurement as are specifically set forth in the DAMAGE section below and incorporated herein by reference

4.

16.    As a direct and proximate cause and result of the acts and omission of the defendants herein, plaintiff's minor son, Matthew Hart, has suffered and continues to suffer loss of parental consortium.

## III.

### FIRST CAUSE OF ACTION:

### NEGLIGENCE OF DEFENDANT MAZDA OF JAPAN

17.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

18.    This action is brought against defendant Mazda of Japan in its capacity as designer, manufacturer, assembler, tester and distributor of the 1992 Mazda Protégé. Defendant Mazda of Japan had a duty to design, manufacture, assemble, test and distribute a vehicle able to withstand foreseeable road debris hazards.

19.    Defendant Mazda of Japan is responsible for the acts and omissions of their employees, and for their own acts and omissions. Mazda of Japan had a duty to design, manufacture, assemble and distribute a vehicle that was not unreasonably dangerous, and which contained adequate and proper safety features intended to prevent injury and insure the safety of its owners, occupants and users.

20.    Defendant Mazda of Japan had a duty to disclose the presence of product defects or warn of limitations in the safety of the vehicle sold to plaintiff Michelle Faniola. In addition, defendant Mazda of Japan had a duty to warn

Michelle Faniola or any other prospective consumer user that the vehicle was unable to withstand foreseeable road debris hazards as hereinafter specified with particularity.

21.     Plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew Hart, alleges that the fuel system was negligently designed, tested, manufactured, assembled, installed and distributed into the stream of commerce. Said negligence rendered the vehicle unreasonably dangerous and was a breach of the duties as described above in the following ways:

a)      Failed to reasonably design the vehicle to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris,

b)      Failed to reasonably design the vehicle to adequately shield the fuel tank and protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

c)      Failed to reasonably design the location of the fuel tank to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

d)      Failed to reasonably test the vehicle and fuel tank to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

e)      Otherwise failed to meet the standards of design, testing, manufacture, assembly, installation and distribution requisite in the

industry to reasonably protect the vehicle and it's occupants against the hazardous effects of foreseeable road and off-road debris.

22.     Plaintiffs further allege that the passive seat belt system was negligently designed, tested, manufactured, assembled and installed. Said negligence rendered the vehicle unreasonably dangerous and was a breach of the defendant Mazda of Japan's duty in failing to design a system that would permit the driver of a 1992 Mazda Protégé to reasonably and safely exit the vehicle in the event of a fire or other emergencies in the automobile.

23.     Defendant Mazda of Japan failed to disclose the presence of product defects or warn of limitations in the safety in the vehicle sold to Michelle Faniola. In addition, defendant Mazda of Japan failed to warn Michelle Faniola or any prospective consumer/user that the vehicle was unsafe.

24.     As a direct and proximate result of the negligence of defendant Mazda of Japan, plaintiff Michelle Faniola, individually, was severely and permanently injured and suffered damages as are specifically set forth in the DAMAGE section below and incorporated herein by reference.

25.     As a direct and proximate result of the negligence of defendant Mazda of Japan, plaintiff Michelle Faniola's minor son, Matthew Hart, has suffered, and continues to suffer, the loss of parental consortium since his mother was injured as described above -- and therefore, she is unable to provide the care, guidance, companionship and services that she had provided to him as a single parent prior to her injuries.

## IV.

## SECOND CAUSE OF ACTION:

## NEGLIGENCE OF DEFENDANT MAZDA OF AMERICA

26.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25 above.

27.     This action is brought against defendant Mazda of America in its capacity as a distributor of the 1992 Mazda Protégé.  Defendant Mazda of America had a duty to promote, market and distribute a vehicle that was able to withstand foreseeable road debris hazards.

28.     Defendant Mazda of America is responsible for the acts and omissions of their employees, and for their own acts and omissions.  Mazda of America had a duty to market, promote and distribute a vehicle that was not unreasonably dangerous, and which contained adequate and proper safety features intended to prevent injury and insure the safety of its owners, occupants and users.

29.     Plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew Hart, alleges that defendant Mazda of America was negligent when it promoted, marketed and distributed the 1992 Mazda Protégé.  Said negligence rendered the vehicle unreasonably dangerous and was a breach of the duties as described above in the following ways:

a)      Promoted, marketed, supplied and sold a vehicle with a fuel tank that was not reasonably designed to protect the vehicle and its

8.

occupants against the hazardous effects of foreseeable road and off-road debris,

b)    Promoted, marketed, supplied and sold a vehicle that was not reasonably designed with an adequate fuel tank shield to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

c)    Promoted, marketed, supplied and sold a vehicle with a fuel tank that was not reasonably designed to adequately protect the vehicle and its occupants by withstanding the hazardous effects of foreseeable road and off-road debris.

d)    Promoted, marketed, supplied and sold a vehicle and fuel tank that had not been reasonably tested to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

e)    Otherwise failed to meet the standards of design, testing, manufacture, assembly, installation, distribution, promotion, marketing, supplying and selling requisite in the industry to reasonably protect the vehicle and it's occupants against the hazardous effects of foreseeable road and off-road debris.

30.    Plaintiffs further allege that the passive seat belt system was negligently designed, manufactured and installed.  Said negligence rendered the vehicle unreasonably dangerous and was a breach of defendant Mazda of

America's duty in failing to design a system that would permit the driver of a 1992 Mazda Protégé to reasonably and safely exit the vehicle in the event of a fire in the automobile.

31.     Defendant Mazda of America failed to disclose the presence of product defects or warn of limitations in the safety in the vehicle sold to plaintiff Michelle Faniola.  In addition, defendant Mazda of America failed to warn plaintiff Michelle Faniola or any prospective consumer/user that the vehicle was unsafe.

32.     As a direct and proximate result of the negligence of defendant Mazda of America, plaintiff Michelle Faniola, individually, was severely and permanently injured and suffered damages as are specifically set forth in the DAMAGE section below and incorporated herein by reference.

33.     As a direct and proximate result of the negligence of defendant Mazda of America, plaintiff Michelle Faniola's minor son, Matthew Hart, has suffered, and continues to suffer, the loss of parental consortium since his mother was injured as described above -- and therefore, she is unable to provide the care, guidance, companionship and services that she had provided to him as a single parent prior to her injuries.

## V.

### THIRD CAUSE OF ACTION:

### NEGLIGENCE OF DEFENDANT FORD

34.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 33 above.

35.     This action is brought against defendant Ford Motor Company in its capacity as a partner, joint venture, controlling share holder and director of defendant Mazda.  Defendant Ford had a duty to provide information and knowledge within its possession to defendants Mazda of Japan and Mazda of America to aid and assist defendants Mazda of Japan and Mazda of America to design, manufacture, assemble, test and distribute a vehicle able to withstand foreseeable road debris hazards.

36.     Upon information and belief, defendant Ford and defendants Mazda of Japan and Mazda of America have engaged in partnerships, alliances, joint ventures and/or joint enterprises for the manufacture, assembly, marketing and selling of motor vehicles throughout the United States and the world. Defendant Ford advertises that it has had a presence in the Asia-Pacific region "almost since it was founded nearly one hundred years ago."

37.     Upon information and belief, defendant Ford acquired a twenty-five percent (25%) interest in defendant Mazda of Japan in 1987 and has a possessed controlling interest in defendant Mazda of Japan at all times material hereto.

11.

38.     Upon information and belief, defendant Ford has controlled and influenced the election of the Board of Directors of defendant Mazda of Japan from 1987 to the present.

39.     Defendant Ford, as a result of its manufacture, assembly, marketing and selling of automobiles in the United States for nearly one hundred years has accumulated or should have reasonably accumulated, information through research, testing and market analysis of the hazards associated with foreseeable road debris on the roadways of this country.

40.     As a controlling shareholder, director, partner, joint venturer with defendant Mazda of Japan, defendant Ford has a fiduciary obligation and duty to disclose information and knowledge it acquired through its research, testing and market analysis to defendant Mazda of Japan to insure and assist defendant Mazda of Japan designing, manufacturing, assembling, testing and distributing motor vehicles able to withstand foreseeable road debris hazards.

41.     Defendant Ford negligently failed to provide the information and knowledge it knew or should have known through its research, testing and market analysis to defendant Mazda of Japan regarding the hazards of foreseen road and off-road debris and the need to design the vehicle to adequately shield the fuel tank or locate the fuel tank to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

42.     As a direct and proximate result of the negligence of defendant Ford, plaintiff Michelle Faniola, individually, was severely and permanently

injured and suffered damages as are specifically set forth in the DAMAGE
section below and incorporated herein by reference.

43.     As a direct and proximate result of the negligence of defendant
Ford, plaintiff Michelle Faniola's minor son, Matthew Hart, has suffered, and
continues to suffer, the loss of parental consortium since his mother was injured
as described above -- and therefore, she is unable to provide the care, guidance,
companionship and services that she had provided to him as a single parent
prior to her injuries.

## VI.

## FOURTH CAUSE OF ACTION:

## STRICT LIABILITY AGAINST DEFENDANT MAZDA OF JAPAN

44.     Plaintiff incorporates herein by reference the allegations contained
in paragraphs 1 through 43 above.

45.     Defendant Mazda of Japan did not disclose the presence of product
defects or warn of limitations in the safety of the vehicle sold to plaintiff Michelle
Faniola.  In addition, defendant Mazda of Japan did not warn Michelle Faniola or
any other prospective consumer user that the vehicle was unable to withstand
foreseeable road debris hazards as hereinafter specified with particularity.

46.     Defendant Mazda of Japan is responsible for the acts and omissions
of their employees, and for their own acts and omissions.  Mazda of Japan had a
duty to design, manufacture, assemble and distribute a vehicle that was not
unreasonably dangerous, and which contained adequate and proper safety

13.

features intended to prevent injury and insure the safety of its owners, occupants and users.

47.     Defendant Mazda of Japan placed the 1992 Mazda Protégé in the stream of commerce knowing it was unreasonably dangerous due to defects in design, testing, manufacture, assembly, installation and distribution.  Said equipment defects constituted unreasonably dangerous conditions for users or occupants exposing owner, user and/or occupants to the unreasonable risk of catastrophic injury or death.

48.     Defendant Mazda of Japan designed, manufactured, promoted, marketed, warranted, inspected, supplied and sold the 1992 Mazda Protégé, which contained design, manufacturing and distribution defects capable of causing, and did in fact cause, severe injury to plaintiff Michelle Faniola, while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and unreasonably dangerous for use by the consumer and user.

49.     Defendant Mazda of Japan is strictly liable for the design, testing, manufacture, promotion, market, warrant, supply, sale and distribution of the 1992 Mazda Protégé in a form which was defective and unreasonably dangerous in that:

a)     Failed to reasonably design the vehicle to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris,

b)   Failed to reasonably design the vehicle to adequately shield the fuel
     tank and protect the vehicle and its occupants against the
     hazardous effects of foreseeable road and off-road debris.

c)   Failed to reasonably design the location of the fuel tank to protect
     the vehicle and its occupants against the hazardous effects of
     foreseeable road and off-road debris.

d)   Failed to reasonably test the vehicle and fuel tank to protect the
     vehicle and its occupants against the hazardous effects of
     foreseeable road and off-road debris.

e)   Otherwise failed to meet the standards of design, testing,
     manufacture, assembly, installation and distribution requisite in the
     industry to reasonably protect the vehicle and it's occupants against
     the hazardous effects of foreseeable road and off-road debris.

50.   The defective and unreasonably dangerous condition of the 1992
Mazda Protégé was the direct and proximate cause of the damages suffered by
plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew
Hart, which are more specifically set forth in the DAMAGES section below.

51.   As a direct and proximate cause and result of the acts and
omissions of defendant Mazda of Japan as alleged herein, plaintiff Michelle
Faniola, individually, has suffered injuries for which defendant Mazda of Japan
is strictly liable, said injuries being more particularly set forth in the DAMAGES
section below.

15.

52.     As a direct and proximate result of the negligence of defendant Mazda of Japan as alleged herein, plaintiff Michelle Faniola's minor son, Matthew Hart, has suffered, and continues to suffer, the loss of parental consortium more particularly set forth in the DAMAGES section below.

## VII.

### FIFTH CAUSE OF ACTION:

### STRICT LIABILITY AGAINST DEFENDANT MAZDA OF AMERICA

53.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 52 above.

54.     Defendant Mazda of America is responsible for the acts and omissions of their employees, and for their own acts and omissions.  Mazda of America had a duty to market, promote and distribute a vehicle that was not unreasonably dangerous, and which contained adequate and proper safety features intended to prevent injury and insure the safety of its owners, occupants and users.

55.     Defendant Mazda of America placed the 1992 Mazda Protégé in the stream of commerce knowing it was unreasonably dangerous due to defects in design, testing, manufacture, assembly, installation and distribution.  Said equipment defects constituted unreasonably dangerous conditions for users or occupants exposing owner, user and/or occupants to the risk of catastrophic injury or death.

56.     Defendant Mazda of America promoted, marketed, warranted, inspected, supplied and sold the 1992 Mazda Protégé, which contained design, manufacturing and distribution defects capable of causing, and did in fact cause, severe injury to plaintiff Michelle Faniola, while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and unreasonably dangerous for use by the consumer and user.

57.     Defendant Mazda of America is strictly liable for the promotion, market, warrant, supply, sale and distribution of the 1992 Mazda Protégé in a form which was defective and unreasonably dangerous in that:

a)     Promoted, marketed, supplied and sold a vehicle with a fuel tank that was not reasonably designed to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris,

b)     Promoted, marketed, supplied and sold a vehicle that was not reasonably designed with an adequate fuel tank shield to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

c)     Promoted, marketed, supplied and sold a vehicle with a fuel tank that was not reasonably designed to adequately protect the vehicle and its occupants by withstanding the hazardous effects of foreseeable road and off-road debris.

d)      Promoted, marketed, supplied and sold a vehicle and fuel tank that
        had not been reasonably tested to protect the vehicle and its
        occupants against the hazardous effects of foreseeable road and off-
        road debris.

e)      Otherwise failed to meet the standards of design, testing,
        manufacture, assembly, installation, distribution, promotion,
        marketing, supplying and selling requisite in the industry to
        reasonably protect the vehicle and it's occupants against the
        hazardous effects of foreseeable road and off-road debris.

58.     The defective and unreasonably dangerous condition of the 1992
Mazda Protégé was the direct and proximate cause of the damages suffered by
plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew
Hart, which are more specifically set forth in the DAMAGES section below.

59.     As a direct and proximate cause and result of the acts and
omissions of defendant Mazda of America as alleged herein, plaintiff Michelle
Faniola, individually, has suffered injuries for which defendant Mazda of
America is strictly liable, said injuries being more particularly set forth in the
DAMAGES section below.

60.     As a direct and proximate cause and result of the negligence of
defendant Mazda of America as alleged herein, plaintiff Michelle Faniola's minor
son, Matthew Hart, has suffered, and continues to suffer, the loss of parental
consortium more particularly set forth in the DAMAGES section below.

18.

## VIII.

## SIXTH CAUSE OF ACTION

## STRICT LIABILITY AGAINST DEFENDANT FORD MOTOR COMPANY

61.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 60 above.

62.     Defendant Ford Motor Company is responsible for the acts and omissions of their employees, and for their owns acts and omissions.   Ford Motor Company had a duty to disclose information and knowledge it has acquired through research, testing, and market analysis to defendant Mazda of Japan, to assist and aid the manufacture, assembly, marketing, and selling of reasonably safe motor vehicles.

63.     Defendant Ford Motor Company is strictly liable for its failure to provide information and knowledge to defendant Mazda of Japan to aid and assist the design, testing, manufacture, promotion, market, warrant, supply, sale and distribution of the 1992 Mazda Protégé in a form which was not defective and unreasonably dangerous.

64.     Defendant Ford Motor Company by failing to provide such information and knowledge contributed to the design, testing, manufacture, assembly, promotion, market, warrant, supply, sale and distribution of a motor vehicle which was defective and unreasonably dangerous in that:

19.

a)   Failed to reasonably design the vehicle to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris,

b)   Failed to reasonably design the vehicle to adequately shield the fuel tank and protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

c)   Failed to reasonably design the location of the fuel tank to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

d)   Failed to reasonably test the vehicle and fuel tank to protect the vehicle and its occupants against the hazardous effects of foreseeable road and off-road debris.

e)   Otherwise failed to meet the standards of design, testing, manufacture, assembly, installation and distribution requisite in the industry to reasonably protect the vehicle and it's occupants against the hazardous effects of foreseeable road and off-road debris.

65.   The defective and unreasonably dangerous condition of the 1992 Mazda Protégé was the direct and proximate cause of the damages suffered by plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew Hart, which are more specifically set forth in the DAMAGES section below.

66.   As a direct and proximate cause and result of the acts and omissions of defendant Ford Motor Company as alleged herein, plaintiff

20.

Michelle Faniola, individually, has suffered injuries for which defendant Ford

Motor Company is strictly liable, said injuries being more particularly set forth in

the DAMAGES section below.

67.     As a direct and proximate cause and result of the negligence of

defendant Ford Motor Company as alleged herein, plaintiff Michelle Faniola's

minor son, Matthew Hart, has suffered, and continues to suffer, the loss of

parental consortium more particularly set forth in the DAMAGES section below.

**IX.**

**SEVENTH CAUSE OF ACTION**

**<u>JOINT ENTERPRISE LIABILITY</u>**

68.     Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1 through 67 above.

69.     The defendants were at all times material hereto engaged in a

common undertaking and joint enterprise for their mutual benefit, with both

defendants having a community of interest and common purpose in the object

and purpose of the undertaking, to wit:  the design, testing, manufacture,

assembly, distribution, promotion, marketing, and selling of Mazda automobiles

for their mutual profit.

70.     As parties to such joint enterprise, defendants possessed and

exercised a common voice and right to direct and govern the instrumentalities of

the undertaking, i.e., the design, testing, manufacture, assembly, distribution,

promotion, marketing, and selling of Mazda automobiles for mutual gain and

21.

profit, and an equal right to direct and govern the movements and conduct of each other with respect thereto.

71.     The acts and omissions of each defendant are imputable to the other as a member of the aforementioned joint enterprise and are therefore jointly and severally liable for each other's negligence.

## IX.

## SEVENTH CAUSE OF ACTION:

## PUNITIVE DAMAGES

72.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 64 above.

73.     The acts and omissions of the defendants were willful, wanton, intentional, reckless and deliberate in complete and total disregard for the health, safety and well-being of the Mazda Protégé consumers, users and of the plaintiff, causing catastrophic and permanent injuries to plaintiff, individually and behalf of her minor son, for which plaintiff, individually and on behalf of her minor son, is entitled to punitive damages.

## X.

## EIGHTH CAUSE OF ACTION

## DAMAGES

74.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 73 above.

75.     As a direct and proximate consequence of the negligent acts and omissions of the defendants herein, plaintiff Michelle Faniola has suffered damages, including but not limited to, severe and permanent physical injuries as more specifically set forth below.  As a consequence of these injuries, plaintiff Michelle Faniola has sustained the following damages:

a)     Past medical expenses in an amount to be set forth at trial.

b)     Medical expenses which the plaintiff can reasonably expect to incur in the future in an amount to be set forth at trial.

c)     Loss of past wages and earning capacity in an amount to be set forth at trial.

d)     Lost wages and earning capacity which plaintiff can reasonably be expected to have enjoyed in the future in an amount to be set forth at trial.

e)     Past, present and future damages for pain and suffering, disfigurement and scarring in an amount to be set forth at trial.

f)     Past, present and future damages for loss of enjoyment of life in an amount to be set forth at trial.

g)     For cost of this action and for other further relief that this Court deems equitable and proper.

76.     As a direct and proximate consequence of the negligent acts and omissions of defendants herein, plaintiff Michelle Faniola's minor son, Matthew Faniola, has suffered damages, including but not limited to, loss of parental

consortium.  As a consequence of these injuries, Matthew Faniola has sustained and continues to suffer, the loss of parental consortium since his mother was injured as described above -- and therefore, she is unable to provide the care, guidance, companionship and services that she had provided to him as a single parent prior to her injuries.

WHEREFORE, plaintiff Michelle Faniola, individually and on behalf of her minor son, Matthew Hart, prays the Court enter judgment, jointly and severally, against the defendants in an amount as supported by the allegations in this Complaint, for costs incurred herein, and for such other and further relief as the Court Deems just and equitable.

Respectfully submitted this _15_ day of August, 2002.

SPENCE, MORIARITY & SCHUSTER, LLC

Roy A. Jacobson, Jr. #3846
15 South Jackson Street
P.O. Box 548
Jackson, WY 83001
307-733-7290

Dennis K. Wallin #2838
LAW OFFICES OF DENNIS K. WALLIN, P.C.
717 West Frontage Road, Suite D
P.O. Box 696
Moriarity, NM 87035
505-832-6363

Attorneys for Plaintiff

24.