IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE FANIOLA, individually and as
the parent and natural guardian of MATTHEW
HART, a minor child,

       Plaintiff,

vs.                                                       No. CIV-02-1011 JB/RLP

MAZDA MOTOR CORPORATION, a foreign
corporation, MAZDA MOTOR OF AMERICA,
a California corporation, and FORD MOTOR
COMPANY, a Michigan corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Expedited Motion to Compel Production of Ford/Mazda Fuel System Exchange, filed April 12, 2004 (Doc. 133). The primary issue is whether the Court should grant a reasonable continuance of this case to allow the Plaintiff, Michelle Faniola, to conduct a 30(b)(6) deposition of a Ford Motor Company ("Ford") witness knowledgeable in areas regarding the technology exchange between Ford and Mazda relating to fuel system design. Because Faniola has not pointed to any authority giving the Court jurisdiction over Ford to compel it to produce such a witness, or any authority for the Court or the parties to treat Ford as a party to this case for purposes of discovery, the Court will deny the motion in part, but will grant some aspects of the motion against Mazda to ensure that the remaining defendant has fully responded to all discovery requests.

## FACTUAL BACKGROUND

On March 22, 2004, the Court ordered Defendants, Mazda Motor Corporation and Mazda

Motor of America (collectively "Mazda"), to produce a witness pursuant to rule 30(b)(6) who is prepared to testify about the information requested in paragraph 12 of Faniola's Notice to Take Deposition Duces Tecum Pursuant to Rule 30(b)(6). See Order ¶ 3, at 1 (filed March 23, 2004)(Doc. 87). Paragraph 12 required a Mazda representative to testify to all matters known or reasonably available to Mazda regarding "safety meetings, including, but not limited to, vehicle safety meetings and cross-functional safety development committee meetings, including all subcommittees thereof."

On April 2, 2004, Faniola's counsel received a facsimile transmission from defense counsel entitled: "Declaration of Toru Tanaka In Response to Rule 30(b)(6) Discovery Request," dated April 2, 2004. Tanaka acknowledges that "the parties have conferred and plaintiff seeks the following information in response to paragraph 12": "Specifically, any and all information within the knowledge of Mazda Corporation regarding whether there were any discussions between Mazda Corporation and Ford regarding tank location, composition, shielding, safety aspects, penetration or puncture, and road debris." Tanaka Decl. ¶ 3, at 1. Thus, it appears that Faniola chose not to depose the witness Mazda produced in response to this Court's Order. Tanaka states, among other things:

> As a rule, Ford and Mazda would not exchange any information in any regard about vehicles that MC produced independently of Ford and with which Ford had no involvement.
>
> * * * *
>
> As to all other Mazda vehicles produced independently of Ford and with which Ford had no involvement, Ford and MC did not at any time exchange any information regarding the fuel system or fire safety/prevention on those vehicles.
>
> As to vehicles produced independently by Ford and with which MC had no involvement, I cannot find that Ford and MC exchanged any information regarding fuel systems or fire safety/prevention. As a rule, Ford and MC would not exchange any information in any regard about vehicles that Ford produced independently of MC and with which MC had no involvement.

* * * *

> Therefore, upon information and belief, MC has no further corporate knowledge with regard to Paragraph 12 of Plaintiff's Rule 30(b)(6) Notice of Deposition other than the information provided by Mr. Matsuda in his deposition.

Tanaka Decl. ¶¶ 5, 7, 8, 19, at 2, 4.

On April 8, 2004, Faniola's counsel received -- from a non-party to this lawsuit -- for the first time (with no prior knowledge of it, or its existence) a 17 page document entitled "Ford/Mazda System Technology Exchange" ("Exchange Document"). The Exchange Document summarizes "the technology exchange" of March 15, 1985, regarding fuel system design, fuel tank material, fuel tank design, plastic fuel tanks, fuel tank process, crash worthiness, and related safety issues. This three-day technology exchange meeting occurred at Mazda headquarters in Hiroshima, Japan "as part of the ongoing Ford/Mazda Technology Exchange Program." The Ford representative was M.J. Harrigan, Fuel System Technical Specialist. The Exchange Document does not identify a Mazda representative.

Given the urgent circumstances involving the discovery of this matter, and the trial date of April 19, 2004, the Court granted Faniola's requests for an expedited hearing on this matter on April 13, 2004 during the previously scheduled hearing on various pretrial motions. In that hearing, the Court ordered Mazda's counsel to provide certain information and to make inquiries of Ford about its knowledge of the document and meeting. The Court then set another hearing on this matter for 4:00 p.m. on Wednesday, April 14, 2004.

Mazda timely produced a Declaration of Toru Tanaka in Response to Plaintiff's Motion to Compel. Tanaka confirmed that he did not find any information within Mazda's corporate knowledge regarding meetings between Ford and Mazda pertaining to fuel tanks that took place in 1985. See

Declaration of Toru Tanaka in Response to Plaintiff's Motion to Compel ¶¶ 8-10, at 2 (dated April 14, 2004). He searched Mazda's corporate files for a document entitled "Ford/Mazda System Technology Exchange" and could not find that Mazda ever received from Ford a copy of the document in dispute. See id. ¶ 7, at 2. Tanaka also searched Mazda's corporate files and could not find that Mazda has any documents in its corporate files relating to a February 1985 meeting with Ford to discuss fuel systems or fire safety/prevention. See id. ¶ 8, at 2. In the short time that the Court gave Mazda, Tanaka confirmed with individuals at Mazda that they do not have any personal recollection of any discussions of fuel systems or fire safety/prevention at any of the meetings with Ford that took place in February, 1985. See id. ¶ 9, at 2. Tanka stated that he had not located any other individuals who have knowledge of meetings with Ford in February, 1985 regarding fuel systems or fire safety/prevention. See id. ¶ 10, at 2. He has not been able to locate any documents retained by Mazda or its employees about fuel tank safety in the 1980s and 1990s that are not design drawings and test reports that reflect the final design. See id. ¶ 11, at 2.

Mazda's counsel also timely wrote a letter to the Court, per the Court's request, outlining his discussion with Ford. See Letter from Jeffrey M. Croasdell to the Court at 1 (dated April 14, 2004). Harrigan remains employed at Ford as a Technical Specialist in Fuel Tank Design. Harrigan was the only Ford employee at the meeting and does not recall who at Mazda was present. The February 1985 meeting was the only meeting pertaining specifically to fuel systems held during the early 1980s time period. Ford represents:

> The purpose of Mr. Harrigan's trip was to gain a general understanding into why MC did things the way they did. Ford wondered why MC did not use the same materials as Ford and why MC employed different manufacturing processes. Essentially, Ford simply was trying to understand the background of MC's fuel systems. Mr. Harrigan also passed on some information as to how Ford developed

> fuel systems. The discussions during the meetings were general and did not pertain to any specific vehicle.
>
> Following the meeting, Mr. Harrigan returned to Michigan, transcribed his notes (which is the document in question) to identify what he had learned and to report to his superiors. He gave a copy of his report to his supervisor Mr. Steve Bussa. Mr. Bussa is now retired. Mr. Harrigan may have given a copy of the report to the group responsible for the Program but does not recall. Mr. Harrigan did not transmit a copy to MC.
>
> I confirmed that the Escort mentioned in the report is from the program that pre-dated the 1991-1996 CT-20 program, meaning that the earlier Escort was not part of the agreement to design the CT-20.

Id. at 1-2. Ford further clarified that the Exchange Document has been produced in discovery in eight other cases in 1991, 1992, 1993, 1994 (twice), 1996, 1997, and 1998. Thus, the Exchange Document does not appear to be the proverbial "smoking gun" hidden in Ford's files because it has been produced many times in previous litigation.

In her motion, Faniola seeks the following relief from the Court: (i) default judgment against Mazda on all liability issues of the case; (ii) alternatively, a reasonable continuance of the case sufficient to allow additional discovery into issues raised by the Exchange Document, and that the Court order: (a) Ford and Mazda to immediately produce all documents relating to the on-going technology exchange between Ford and Mazda relating to fuel system design; (b) Mazda to produce a rule 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design; and (c) Ford to produce a rule 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design. At the telephonic hearing held on this motion on April 14, 2004, Faniola also asked that the Court order Mazda to allow her complete and

unfettered access to Mazda's computer databases so that she may verify the veracity of Tanaka's statements that Mazda has no documents or corporate knowledge regarding the meeting summarized in the Exchange Document or any other such meetings. Faniola also requests all reasonable and necessary costs and fees incurred in the prosecution of this motion.

## LEGAL ANALYSIS

On March 23, 2004, the Court entered a three-page order dismissing Ford from the case and summarizing the Court's reasons for doing so. See Order, filed March 23, 2004 (Doc. 88). While the Court stated that it "will, at a later date, issue an opinion fulling detailing its rationale for its decision," Order at 2 n.1, the Court made clear: "This Order disposes of the motion at issue." Id. Thus, for purposes of this motion, Ford is no longer a part of this case.

The Court will not enter a default judgment against Mazda. Mazda's corporate representative has, under oath, represented that Mazda has no corporate knowledge of any Ford/Mazda System Technology Exchange. While the recently discovered document suggests that there was some exchange, if Mazda knows of no one who has any knowledge of that exchange, and if Mazda does not have any related documents, the Court should not enter default judgment against Mazda. There is not sufficient evidence, if there is any evidence at all, justifying a default judgment against Mazda.

Thus, the Court turns to Faniola's alternative requests. First, Faniola requests the Court grant a reasonable continuance of this case sufficient to allow her full and fair discovery into the "multiplicity of issues" that the Ford Exchange document raises. See Expedited Motion to Compel Production of Ford/Mazda Fuel System Exchange at 12. The Court will deny Faniola's request for a continuance. The trial, which starts in two business days, is against Mazda. Regardless how many times Faniola asks Mazda about this document or about the exchange, it appears the answer will

probably be the same: no corporate knowledge.

The primary issue is whether the Court should delay this trial to allow Faniola to pursue discovery against Ford. On the record before the Court, the Court does not think a delay is warranted. Ford did not manufacture the car at issue; Mazda did. Ford's counsel represents that there was only one "exchange" and that the Exchange Document is the only Ford document reflecting the exchange. While some supplemental discovery against Ford may be warranted, the record does not suggest that broad ranging discovery is necessary or possible.

Faniola requests that the Court order Ford and Mazda to immediately produce all documents relating to the on-going technology exchange between Ford and Mazda relating to fuel system design. The Court will so order Mazda. As to Ford, the court has requested the parties to provide the Court with authority to support how it can order Ford to do anything at this stage. Faniola has provided no authority to support her request; Ford has presented authority that the Court cannot order Ford to do anything as it could a party. See United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1428 (10th Cir. 1990)("The district court was within its power and discretion to modify the protective order, but because the underlying controversy was no longer alive, the court simply lacked power to impose any new, affirmative requirements on the parties relating to discovery."). Given the scarcity of time available, the crush of other issues which the Court and the parties must address, and the authority that Mazda has cited, the Court will not, at this time, order Ford to do anything.

Mazda, however, remains a party. The Court will allow some discovery against Mazda, but the circumstances and history of this case do not justify the broad ranging discovery that Faniola now seeks regarding Mazda's computer databases. In its March 23, 2004 Order, the Court granted Faniola's fourth motion to compel, stating:

> The motion is granted as to paragraph 12 of Faniola's rule 30(b)(6) Notice. Defendant Mazda Motor Company ("Mazda") shall produce a witness pursuant to rule 30(b)(6) that is prepared to testify to the information requested in paragraph 12. Mazda shall produce this witness no later than 14 days from the date of the hearing, or by April 5, 2004.

Order ¶ 3, at 1 (Doc. 87). At some point Faniola traded the benefit of a deposition that the Court ordered for an affidavit. Some of the discovery that Faniola seeks now perhaps could have been secured if she had conducted the deposition rather than agreeing to the affidavit.

Nevertheless, because the Court did issue the March 23d order, and because Mazda is the defendant going to trial on Monday, the Court will again order Mazda to produce a 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design. If Tanaka is the best witness that Mazda can produce, it can do so with the understanding that he will sufficiently educate himself so that he can provide all the corporate knowledge that Mazda has on this subject. The deposition shall occur before midnight on Saturday, April, 17th. The deposition shall be limited to three hours. It can be conducted by telephone.

As to Ford, the Court requests that Ford's counsel ask Ford to produce a 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design. Ford may in lieu of a 30(b)(6) witness produce M.J. Harrigan. Ford's counsel should report Ford's response to counsel and to the Court by 9:00 a.m., Friday, April 16th. If Ford does not comply with the Court's request, Faniola is free to conduct third-party discovery against Ford. The Court will cooperate to shorten times for responding as appropriate.

Faniola also requests all reasonable and necessary costs and fees incurred in the prosecution

of this motion. The Court does not, at the present time, see a basis for such an award against Mazda. While the Court believes that the Exchange Document probably falls within prior requests, and would be inclined to grant costs and fees if Ford were in the case, the Court will not, at the present time, enter such an order given that the Court has dismissed Ford from this case.

To the extent that the Court has denied Faniola's requests, they are denied without prejudice. If further information is developed, she is free to renew her requests.

**IT IS ORDERED** that the Plaintiff's Expedited Motion to Compel Production of Ford/Mazda Fuel System Exchange, is granted in part and denied in part. The Plaintiff's request for a default judgment against Mazda is denied and her request for a continuance is denied. Mazda shall produce immediately any and all documents in its possession, custody or control regarding the on-going technology exchange between Ford and Mazda relating to fuel system design. Mazda shall also produce a 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design. Mazda can produce Toru Tanaka, but he shall be prepared to testify about all of Mazda's corporate knowledge on this subject as well as describe the efforts he has made to obtain any such corporate knowledge. The deposition shall occur by midnight on Saturday, April 17th, and shall be limited to three hours. It may be conducted by telephone

The Court will not order Ford to do anything at this time, but requests Ford's counsel to request Ford to produce a 30(b)(6) witness for deposition knowledgeable in areas relating to the on-going technology exchange between Ford and Mazda relating to fuel system design, or M.J. Harrigan. Ford's counsel shall report Ford's response to the Plaintiff's counsel and to the Court by 9:00 a.m., Friday, April 16, 2004. If Ford does not agree to this request, the Plaintiff may conduct third-party

discovery against Ford. All requests for fees and costs, and for any other relief, are denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Roy A. Jacobson Jr.
Larissa A. Ferullo
The Spence Law Firm LLC
Spence, Shockey & McCalla
Jackson, Wyoming

-and-

Dennis K. Wallin
Law Offices of Dennis K. Wallin, P.C.
Moriarty, New Mexico

    *Attorneys for the Plaintiff*

Jeffrey M. Croasdell
Matthew S. Wermager
Michael J. Brescia
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*